**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL JOSEPH GRANT JR.,

Plaintiff

v.

FALLON POLICE DEPARTMENT,

Defendant

Case No.: 3:26-cv-00341-ART-CSD

**Order**

Re: ECF Nos. 1-1, 7

Plaintiff has filed an application to proceed *in forma pauperis* (IFP) (ECF No. 7) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application is granted.

## II. SCREENING

### A. Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less

stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff asserts a single claim of "false imprisonment" against the Fallon Police Department.[1] (ECF No. 1-1 at 3.) Plaintiff alleges that he was arrested on September 14, 2023, by the Fallon Police Department for "Failure to Register as a Sex Offender." (*Id.* at 4.) Plaintiff told the arresting officer he was not a registered sex offender, and the officer responded that he "could do what he wanted to do." (*Id.*) Eventually, Plaintiff's lawyer determined that he was correct, and the charges against Plaintiff

[1] Although the docket notes a second defendant, Churchill County, the court does not read the complaint as asserting a claim against the county; only the Fallon Police Department is named in both the list of defendants and the body of the complaint. (*See* ECF No. 1-1 at 2-5.)

were dismissed. However, because of the charges and the parole revocation proceedings they triggered, Plaintiff ultimately spent almost six months in jail. (*Id.* at 4-5.)

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the § 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. "A claim for unlawful arrest is cognizable under

§ 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

"If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself*." Wallace v. Kato*, 549 U.S. 384, 390 (citations omitted).

The gravamen of a malicious prosecution claim "is the wrongful initiation of charges without probable cause." *Thompson v. Clark*, 596 U.S. 36, 43 (2022). To prevail on this claim, "a plaintiff must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024). Plaintiff must also show "that he obtained a favorable termination of the underlying criminal prosecution." *Thompson*, 596 U.S. at 39 (2022).

A "malicious-prosecution suit depends not just on an unsupported charge, but on that charge's causing a seizure." *Chiaverini*, 602 U.S. at 564. A malicious prosecution claim can still be maintained even where a plaintiff is maintained in custody on both valid charges and invalid charges. *Id.* at 558-59.

Plaintiff's complaint could state a false arrest claim against the arresting officer, but the officer is not named – either by his name or as a Doe defendant. It is not therefore clear whether Plaintiff intends to assert a claim against the arresting officer or, if so, whether he is able to identify him by name. Accordingly, Plaintiff will be granted leave to amend the complaint to name the arresting officer, should he wish to do so.

As to the Fallon Police Department, a public agency is not a person or entity subject to suit unless that agency is a separate legal entity. *Hervey v. Estes*, 65 F.3d 784, 791-92 (9th Cir. 1995). Applying Federal Rule of Civil Procedure 17(b)[2], the Ninth Circuit has held that state law determines the issue of whether a department of a municipality may sue or be sued. *See e.g. Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).

In Nevada, each county (or incorporated city or town within the county) is a political subdivision of the state and an independent legal entity, which means it can sue or be sued. *See Clark County v. Lewis*, 88 Nev. 254, 498 P.2d 363, 365 (Nev. 1972); Nev. Rev. Stat. § 280.080; *id.* § 41.0305. A department of a county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (concluding that the "Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision" and noting the State had not waived immunity on behalf of its departments of political subdivisions so the District Attorney's Office had not been conferred the power to sue or be sued) (citing Nev. Rev. Stat. § 41.031); *see also Wright v. City of Las Vegas,* 395 F. Supp. 2d 789, 794 (S.D. Iowa 2005);

[2] Rule 17(b) states that capacity to sue or be sued (other than for an individual or corporation) is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3).

*Schneider v. Elko County Sheriff's Dep't*, 17 F. Supp. 2d 1162, 1165 (D. Nev. 1998)(finding that Elko County Sheriff's Department lacked capacity to be sued).

If a plaintiff improperly names a city or county department that lacks capacity to be sued, the court may order the proper party (generally the county or city) be substituted into the case. *Melendres v. Arpaio*, 784 F.3d 1254 (9th Cir. 2015). However, while a city or county might be a proper party, municipalities may be liable for the infringement of constitutional rights only under certain circumstances. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-95 (1978).

"[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise or discipline; or (4) a decision or act by a final policymaker." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019). A municipality may not, however, be sued under a *respondeat superior* theory because it employed an alleged wrongdoer. *Id.* at 603. "A plaintiff must therefore show *deliberate* action attributable to the municipality [that] directly caused a deprivation of federal rights." *Id.* (citation and quotation marks omitted, emphasis original).

"To impose liability on a municipality under Section 1983, a plaintiff must prove: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange,* 6 F.4th 961, 973 (9th Cir. 2021) (*Gordon II*) (internal quotation marks and citation omitted).

The complaint does not allege that Plaintiff's injuries were the result of a custom, policy, failure to train, supervise or discipline, or a decision or act by a final policymaker. It does not therefore state any municipal liability claim. The claim will therefore be dismissed without

prejudice, with leave to amend. If Plaintiff chooses to amend the municipal liability claim, he should also name the proper defendant to such a claim, which in this case would be the City of Fallon.

## III. CONCLUSION

(1) Plaintiff's IFP application (ECF No. 7) is **GRANTED**.

(2) The Clerk shall **FILE** the Complaint (ECF No. 1-1).

(3) The Complaint is **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff has **30 DAYS** from the date of this Order to file an amended complaint correcting the deficiencies noted above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

**IT IS SO ORDERED**.

Dated: November 2, 2026

Craig S. Denney
United States Magistrate Judge